**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CaaStle, Inc.<br><br>                  Debtor. | Chapter 7<br><br>Case No. 25-11187 (BLS) |
| GEORGE L. MILLER, solely in his capacity as chapter 7 trustee for the bankruptcy estate of CaaStle, Inc.,<br><br>        Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>Jaswinder Pal Singh, individually and in his capacity as Trustee of the Singh Revocable Trust, and John Does 1-10,<br><br>        Defendants/Counterclaim Plaintiff. | Adv Pro. No. 26-50216 (BLS) |

**DEFENDANT JASWINDER PAL SINGH, BOTH INDIVIDUALLY
AND IN HIS CAPACITY AS TRUSTEE OF SINGH REVOCABLE TRUST'S
(I) ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE
DEFENSES AND (II) COUNTERCLAIM AGAINST TRUSTEE**

Defendant Jaswinder Pal Singh, both individually and in his capacity as trustee of the Singh Revocable Trust (the "Defendant"),[1] by and through his undersigned counsel, upon knowledge as to his own actions and upon information and belief as to all other matters, hereby (I) answers (the "Answer") the *Amended Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 544, 548, and 550 and Applicable State Law, and To Disallow Claims Pursuant to 11 U.S.C. § 502* [Adv. Docket No. 5] (the "Complaint") filed by the plaintiff, George L. Miller (the "Plaintiff"), solely in his capacity as chapter 7 trustee for the bankruptcy estate of CaaStle,

---

[1] The Defendant is not aware of any individual person or entity that could be identified as defendants John Does 1–10.

60027816

Inc. (the "Debtor") in the above-captioned adversary proceeding (the "Adversary Proceeding"), and (II) asserts the below verified counterclaim (the "Counterclaim") against the Plaintiff.

## ANSWER TO THE COMPLAINT

The Defendant denies each and every allegation except those specifically admitted below. The Defendant further states as follows:

## BACKGROUND

1.  Admitted.

2.  Admitted.

3.  Admitted that Hunsicker co-founded the Debtor and served on the Debtor's board of directors and as chief executive officer.  Admitted that Hunsicker resigned from the Debtor's board of directors and as the Debtor's chief executive officer.  The Defendant further states that he is without sufficient information to form a belief as to the truth of the balance of the remaining allegations included in Paragraph 3 of the Complaint.  Such allegations are therefore denied.  By way of further response, the Defendant co-founded the Debtor with Hunsicker.

4.  Admitted only that the Debtor is a privately held company.  The Defendant is without sufficient information to form a belief as the truth of the remaining allegations in Paragraph 4 of the Complaint.  Such allegations are therefore denied.

5.  The Defendant denies the allegations in Paragraph 5 of the Complaint to the extent such allegations differ from or otherwise attempt to characterize or interpret the Indictment and/or SEC Complaint.  The Defendant further states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint. Such allegations are therefore denied.

   a.  The Defendant denies the allegations in Paragraph 5(a) of the Complaint to the extent such allegations differ from or otherwise attempt to

60027816

2

characterize or interpret the Indictment and/or SEC Complaint.  The Defendant further states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 5(a) of the Complaint. Such allegations are therefore denied.

b.    The Defendant denies the allegations in Paragraph 5(b) of the Complaint to the extent such allegations differ from or otherwise attempt to characterize or interpret the Indictment and/or SEC Complaint.  The Defendant further states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 5(b) of the Complaint. Such allegations are therefore denied.

c.    The Defendant denies the allegations in Paragraph 5(c) of the Complaint to the extent such allegations differ from or otherwise attempt to characterize or interpret the SEC Complaint.  Upon information and belief, the Defendant further states that board resolutions in 2025 precluded Hunsicker from soliciting capital.  The Defendant further states that he is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 5(c) of the Complaint.  Such allegations are therefore denied.

6.    The allegations in Paragraph 6 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant denies the allegations in Paragraph 6 of the Complaint to the extent such allegations differ from or otherwise attempt to characterize or interpret the Indictment.  The Defendant further states that

he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.  Such allegations are therefore denied.

7.      The allegations in Paragraph 7 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.  Such allegations are therefore denied.

8.      The Defendant denies the allegations in Paragraph 8 of the Complaint to the extent such allegations differ from or otherwise attempt to characterize or interpret "the Debtor's records."  The Defendant further states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.  Such allegations are therefore denied.

        a.      The Defendant denies the allegations in Paragraph 8(a) of the Complaint to the extent such allegations differ from or otherwise attempt to characterize or interpret "the Debtor's records."  The Defendant further states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 8(a) of the Complaint.  Such allegations are therefore denied.

        b.      The Defendant denies the allegations in Paragraph 8(b) of the Complaint to the extent such allegations differ from or otherwise attempt to characterize or interpret "the Debtor's records."  The Defendant further states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 8(b) of the Complaint.  Such allegations are therefore denied.

c.    The Defendant denies the allegations in Paragraph 8(c) of the Complaint to the extent such allegations differ from or otherwise attempt to characterize or interpret "the Debtor's records."  The Defendant further states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 8(c) of the Complaint.  Such allegations are therefore denied.

9.    The Defendant is without sufficient information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.  Such allegations are therefore denied.

10.    The allegations in Paragraph 10 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.  Such allegations are therefore denied.

11.    The Defendant denies the allegations in Paragraph 11 of the Complaint to the extent such allegations differ from or otherwise attempt to characterize or interpret the Debtor's "actual balance sheet."  The Defendant further states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.  Such allegations are therefore denied.

12.    The Defendant is without sufficient information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.  Such allegations are therefore denied.

13.    The Defendant denies the allegations in Paragraph 13 of the Complaint to the extent such allegations differ from or otherwise attempt to characterize or interpret the Indictment.  The Defendant further states that he is without sufficient information to form a

60027816

belief as to the truth of the allegations in Paragraph 13 of the Complaint.  Such allegations are therefore denied.

14.     The allegations in Paragraph 14 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.  Such allegations are therefore denied.

15.     The allegations in Paragraph 15 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.  Such allegations are therefore denied.

16.     The allegations in Paragraph 16 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.  Such allegations are therefore denied.

17.     The allegations in Paragraph 17 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.  Such allegations are therefore denied.

18.     The allegations in Paragraph 18 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.  Such allegations are therefore denied.

60027816

19.     The allegations in Paragraph 19 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant states he was not a director or officer at the time he received a redemption for his shares in the Debtor on October 11, 2024.  To the extent the allegations in Paragraph 19 of the Complaint allege otherwise, such allegations are denied.  The Defendant further states that he is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint.  Such allegations are therefore denied.

20.     The Defendant is without sufficient information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.  Such allegations are therefore denied.

21.     The allegations in Paragraph 21 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 21 of the Complaint are denied.

     a.     The allegations in Paragraph 21(a) of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 21(a) are denied.  The Defendant further denies the allegations in Paragraph 21(a) of the Complaint to the extent such allegations differ from or otherwise attempt to characterize or interpret the Indictment.  The Defendant further states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 21(a) of the Complaint.  Such allegations are therefore denied.

     b.     The allegations in Paragraph 21(b) of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 21(b) are denied.

60027816

c.    The allegations in Paragraph 21(c) of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 21(c) are denied.  The Defendant further denies the allegations in Paragraph 21(c) of the Complaint to the extent such allegations differ from or otherwise attempt to characterize or interpret the Repurchase Agreement (as defined in the Complaint).  The Defendant further denies the allegations in Paragraph 21(c) of the Complaint to the extent such allegations attempt to identify standard contract provisions as badges of fraud.

d.    The Defendant is without sufficient information to form a belief as to the truth of the allegations in Paragraph 21(d) of the Complaint.  Such allegations are therefore denied.

e.    The Defendant is without sufficient information to form a belief as to the truth of the allegations in Paragraph 21(e) of the Complaint.  Such allegations are therefore denied.

f.    The allegations in Paragraph 21(f) of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 21(f) of the Complaint.  Such allegations are therefore denied.

g.    The allegations in Paragraph 21(g) of the Complaint constitute conclusions of law to which no response is required.  To the extent a

60027816

8

response is required, the allegations in Paragraph 21(g) of the Complaint are denied.

h.   The allegations in Paragraph 21(h) of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant states that he is without sufficient information to form a belief as to the truth of the allegations in Paragraph 21(h) of the Complaint.  Such allegations are therefore denied.

i.   The allegations in Paragraph 21(i) of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 21(i) of the Complaint are denied.

j.   The allegations in Paragraph 21(j) of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 21(j) of the Complaint are denied.

22.   The allegations in Paragraph 22 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant admits only that Paragraph 22 of the Complaint purports to commence the Adversary Proceeding to avoid and recover $6,000,000 from the Defendant individually and in his capacity as trustee of the Singh Revocable Trust, and, as appropriate, from any immediate or mediate transferee plus interest, costs, and attorneys' fees.  The Defendant denies that the Plaintiff is entitled to such relief.

**JURISDICTION AND VENUE**

23.   Admitted.

24.   The allegations in Paragraph 24 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant admits only

60027816

9

that the Plaintiff invokes specific sections of the Bankruptcy Code and Bankruptcy Rules.  By way of further response, the Defendant denies any implication that the referenced code sections and rules are applicable to the Adversary Proceeding.  The Defendant further denies that the relief sought is warranted.

25.     The allegations in Paragraph 25 of the Complaint constitute conclusions of law to which no response is required.  The Defendant admits only that the Plaintiff consents to the entry of a final order by the Court to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United Stated Constitution.  By way of further response, pursuant to Rules 7008-1 and 7012-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, and only with respect to the claims and causes of action asserted by the Plaintiff in the Complaint, the Defendant does not consent to the entry of final orders or judgments by the Court if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgement consistent with Article III of the United States Constitution.

26.     Admitted.

### THE PARTIES

27.     Admitted.

28.     Admitted upon information and belief.

29.     Admitted with the modification of Apt. 10D.

30.     Admitted in part.  Denied in part.  Admitted that the Defendant was a co-founder of the Debtor.  Admitted that the Defendant served on the Debtor's board of directors from on or about September 1, 2011, to December 1, 2017, and from on or about December 15, 2024, to on or about June 20, 2025.  Admitted that the Defendant was a shareholder of the Debtor from

60027816

December 30, 2011, to present.  To the extent the allegations in Paragraph 30 are inconsistent with these admissions, such allegations are denied.

31.     Admitted.

32.     The allegations in Paragraph 32 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 32 of the Complaint are admitted in part, and denied in part.  Admitted only that the Defendant served on the board of directors of the Debtor from on or about September 1, 2011, to December 1, 2017, and from on or about December 15, 2024, to on or about June 20, 2025.  Denied that the Defendant was an insider of the Debtor between December 1, 2017, and on or about December 15, 2024.

33.     Denied.

### FACTUAL BACKGROUND

34.     Admitted that on October 11, 2024, the Defendant redeemed 2,790,698 shares of common stock of the Debtor, which had been issued to the Defendant by the Debtor.  The Defendant is without sufficient information to admit the balance of the remaining allegations in Paragraph 34 of the Complaint.  Such allegations are therefore denied.

35.     The allegations in Paragraph 35 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant admits only that on October 11, 2024, the Debtor wired $6,000,000 to the Defendant as a redemption of the Defendant's shares in the Debtor.  The Defendant denies the balance of the allegations contained in Paragraph 35 of the Complaint.

36.     The Defendant denies the allegations contained in the first sentence of Paragraph 36 of the Complaint.  The Defendant is without sufficient information to form a belief

60027816

as to the truth of the allegations contained in the second sentence of Paragraph 36 of the Complaint. Such allegations are therefore denied.

37. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint. Such allegations are therefore denied.

38. The allegations in Paragraph 38 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 38 of the Complaint are denied.

       a. The allegations in Paragraph 38(a) of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the Defendant states that he is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 38(a) of the Complaint. Such allegations are therefore denied.

       b. The allegations in Paragraph 38(b) of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the Defendant states that he is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 38(b) of the Complaint. Such allegations are therefore denied.

       c. The allegations in Paragraph 38(c) of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the Defendant states that he is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 38(c) of the Complaint. Such allegations are therefore denied.

60027816

39.  Denied.

40.  Denied.

41.  Denied.

42.  Admitted only that the Defendant and the Debtor executed the Repurchase Agreement.  The Defendant denies the allegations in Paragraph 42 of the Complaint to the extent such allegations differ from or otherwise attempt to characterize or interpret the Repurchase Agreement.  The Defendant denies the balance of the allegations in Paragraph 42 of the Complaint.

### COUNT I

43.  Paragraph 43 of the Complaint does not contain any factual allegations and therefore does not require a response.  To the extent a response is required, the Defendant incorporates by reference his responses to the factual allegations in Paragraphs 1 through 42 of the Complaint.

44.  The allegations in Paragraph 44 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 44 of the Complaint are denied.

45.  The allegations in Paragraph 45 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 45 of the Complaint are denied.

46.  The allegations in Paragraph 46 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 46 of the Complaint are denied.  By way of further response, the Defendant denies the requested relief is warranted.

60027816

**COUNT II**

47. Paragraph 47 of the Complaint does not contain any factual allegations and therefore does not require a response. To the extent a response is required, the Defendant incorporates by reference his responses to the factual allegations in Paragraphs 1 through 46 of the Complaint.

48. The allegations in Paragraph 48 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 48 of the Complaint are denied.

49. The allegations in Paragraph 49 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 49 of the Complaint are denied.

50. The allegations in Paragraph 50 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 50 of the Complaint are denied.

    i. The allegations in Paragraph 50(i) of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 50(i) of the Complaint are denied.

    ii. The allegations in Paragraph 50(ii) of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 50(ii) of the Complaint are denied.

    iii. The allegations in Paragraph 50(iii) of the Complaint constitute conclusions of law to which no response is required. To the extent a

60027816

response is required, the allegations in Paragraph 50(iii) of the Complaint are denied.

51. The allegations in Paragraph 51 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 51 of the Complaint are denied. By way of further response, the Defendant denies the requested relief is warranted.

## COUNT III

52. Paragraph 52 of the Complaint does not contain any factual allegations and therefore does not require a response. To the extent a response is required, the Defendant incorporates by reference his responses to the factual allegations in Paragraphs 1 through 51 of the Complaint.

53. The allegations in Paragraph 53 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 53 of the Complaint are denied.

54. The allegations in Paragraph 54 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 54 of the Complaint are denied.

55. The allegations in Paragraph 55 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 55 of the Complaint are denied. By way of further response, the Defendant denies the requested relief is warranted.

## COUNT IV

56. Paragraph 56 of the Complaint does not contain any factual allegations and therefore does not require a response. To the extent a response is required, the Defendant

60027816

incorporates by reference his responses to the factual allegations in Paragraphs 1 through 55 of the Complaint.

57.     The allegations in Paragraph 57 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 57 of the Complaint are denied.

58.     The allegations in Paragraph 58 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 58 of the Complaint are denied.

59.     The allegations in Paragraph 59 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 59 of the Complaint are denied.

     a.     The allegations in Paragraph 59(a) of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 59(a) of the Complaint are denied.

          i.     The allegations in Paragraph 59(a)(i) of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 59(a)(i) of the Complaint are denied.

          ii.     The allegations in Paragraph 59(a)(ii) of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the

allegations in Paragraph 59(a)(ii) of the Complaint are denied.

iii.    The allegations in Paragraph 59(a)(iii) of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 59(a)(iii) of the Complaint are denied.

60.    The allegations in Paragraph 60 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 60 of the Complaint are denied. By way of further response, the Defendant denies the requested relief is warranted.

**COUNT V**

61.    Paragraph 61 of the Complaint does not contain any factual allegations and therefore does not require a response. To the extent a response is required, the Defendant incorporates by reference his responses to the factual allegations in Paragraphs 1 through 60 of the Complaint.

62.    The allegations in Paragraph 62 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the Defendant admits that the Plaintiff seeks alternative relief under New York law, but denies that the Plaintiff is entitled to such relief.

63.    The allegations in Paragraph 63 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 63 of the Complaint are denied.

60027816

17

64.     The allegations in Paragraph 64 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 64 of the Complaint are denied.

65.     The allegations in Paragraph 65 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 65 of the Complaint are denied.  By way of further response, the Defendant denies the requested relief is warranted.

## COUNT VI

66.     Paragraph 66 of the Complaint does not contain any factual allegations and therefore does not require a response.  To the extent a response is required, the Defendant incorporates by reference his responses to the factual allegations in Paragraphs 1 through 65 of the Complaint.

67.     The allegations in Paragraph 67 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant admits that the Plaintiff seeks alternative relief under New York law, but denies that the Plaintiff is entitled to such relief.

68.     The allegations in Paragraph 68 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 68 of the Complaint are denied.

69.     The allegations in Paragraph 69 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 69 of the Complaint are denied.

70.     The allegations in Paragraph 70 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 70 of the Complaint are denied.

a.      The allegations in Paragraph 70(a) of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 70(a) of the Complaint are denied.

b.      The allegations in Paragraph 70(b) of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 70(b) of the Complaint are denied.

c.      The allegations in Paragraph 70(c) of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 70(c) of the Complaint are denied.

71.     The allegations in Paragraph 71 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 71 of the Complaint are denied.  By way of further response, the Defendant denies the requested relief is warranted.

### COUNT VII

72.     Paragraph 72 of the Complaint does not contain any factual allegations and therefore does not require a response.  To the extent a response is required, the Defendant incorporates by reference his responses to the factual allegations in Paragraphs 1 through 71 of the Complaint.

60027816

19

73.     The allegations in Paragraph 73 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 73 of the Complaint are denied.

74.     The allegations in Paragraph 74 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 74 of the Complaint are denied.

75.     The allegations in Paragraph 75 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 75 of the Complaint are denied.

76.     The allegations in Paragraph 76 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 76 of the Complaint are denied.

77.     The allegations in Paragraph 77 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 77 of the Complaint are denied.  By way of further response, the Defendant denies the requested relief is warranted.

78.     The allegations in Paragraph 78 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 78 of the Complaint are denied.  By way of further response, the Defendant denies the requested relief is warranted.

**COUNT VIII**

79.     Paragraph 79 of the Complaint does not contain any factual allegations and therefore does not require a response.  To the extent a response is required, the Defendant

60027816

incorporates by reference his responses to the factual allegations in Paragraphs 1 through 78 of the Complaint.

80.     The allegations in Paragraph 80 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 80 of the Complaint are denied.

81.     The allegations in Paragraph 81 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 81 of the Complaint are denied.

82.     The allegations in Paragraph 82 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 82 of the Complaint are denied.  By way of further response, the Defendant denies the requested relief is warranted.

**RESPONSE TO REQUESTED RELIEF**

83.     The allegations in the Requested Relief section of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the Defendant denies that the Plaintiff is entitled to any of the relief sought in the Complaint's section titled Requested Relief.

**AFFIRMATIVE DEFENSES**

The Defendant asserts the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of his investigation or preparation for trial, it becomes appropriate.

By designating these matters as "defenses," the Defendant does not suggest that (i) the Plaintiff does not bear the burden of proof as to such matters or (ii) such matters are not elements that the plaintiff must establish to make out a prima facie case against the Defendant.

60027816

**FIRST AFFIRMATIVE DEFENSE**
**Failure to State a Claim**

The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012(b).

**SECOND AFFIRMATIVE DEFENSE**
**Double Recovery**

The Plaintiff is barred from recovering on the ground that neither the Plaintiff nor the Debtor's estate (or its creditors) are entitled to a double recovery.

**THIRD AFFIRMATIVE DEFENSE**
**Waiver**

The Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**
**Single Satisfaction – 11 U.S.C. § 550(d); N.Y. Debt. & Cred. Law § 277**

Pursuant to 11 U.S.C. § 550(d), "[t]he [T]rustee is entitled to only a single satisfaction under [11 U.S.C. § 550(a)]."  Under N.Y. Debt. & Cred. Law 277(b)(1), the Plaintiff may only set aside a conveyance "for the value of the asset transferred . . . or the amount necessary to satisfy the creditor's claim, whichever is less."  Accordingly, the Plaintiff may not recover any transfer received by the Defendant to the extent the Plaintiff has recovered, or will recover, from any other immediate or mediate transferee, the amount of an allegedly avoided transfer that included any of the Debtors' property that the Plaintiff alleges the Defendant received.

**FIFTH AFFIRMATIVE DEFENSE**
**11 U.S.C. § 548(c)**

To the extent the Plaintiff satisfies the elements of a cause of action under 11 U.S.C. § 548(a), the alleged transfer cannot be avoided because, to the extent the Defendant received the alleged transfer, the Defendant took the alleged transfer for value and in good faith as set forth in

60027816

22

11 U.S.C. § 548(c). Further, upon information and belief, the share price set by the Debtor was based on a 409A valuation performed by or on behalf of the Debtor. The 409A valuation demonstrates that the Defendant took the alleged transfer for value. To the extent the Defendant received any alleged property of the Debtor, the Defendant received such property in good faith because he lacked knowledge that the Debtor was allegedly perpetrating a fraud or engaging in any type of fraudulent activity. Moreover, the Defendant voluntarily cooperated with the United States Government in the prosecution of Christine Hunsicker, further demonstrating his good faith and lack of knowledge of Hunsicker's fraud.

**SIXTH AFFIRMATIVE DEFENSE**
**11 U.S.C. § 550(b) and N.Y. Debt. & Cred. Law § 277**
**Value, Good Faith, and Without Knowledge of Voidability**

To the extent the Defendant received any alleged property of the Debtor, such property or funds may not be recovered because the Defendant took for value, in good faith, and without knowledge of the avoidability of any transfer within the meaning of 11 U.S.C. § 550(b) and N.Y. Debt. & Cred. Law § 277, as applicable, and/or as a purchaser for fair consideration without knowledge of the fraud at the time of the purchase or actual fraudulent intent within the meaning of N.Y. Debt. & Cred. Law § 277.

To the extent the Defendant received any alleged property of the Debtor, the Defendant received such property in good faith because he lacked knowledge that the Debtor was allegedly perpetrating a fraud or engaging in any type of fraudulent activity. The Defendant lacked knowledge of the avoidability of any alleged transfer of the Debtor's property at the time the Defendant allegedly received the Debtor's property. The Defendant lacked actual fraudulent intent at the time he allegedly received the Debtor's property. The Defendant lacked knowledge

of facts suggestive of any alleged fraud that would have caused a reasonable person in the Defendant's position to conduct further inquiry into the Debtor about any possible fraud.

Further, a reasonable person with the facts in the Defendant's possession at the time of the alleged transfer of the Debtor's property would not have been on inquiry notice of any fraudulent purpose behind the alleged transfer of the Debtor's property, nor would those facts have led such a person to conduct further inquiry into whether there was a fraudulent purpose or whether the conduct related to a fraud. Even if the Defendant had been on inquiry notice of a possible fraudulent purpose behind the transfer of the Debtor's property or of acts that would have led a reasonable person to conduct further inquiry into whether the Debtor was involved in a fraud, a diligent inquiry by the Defendant would not have discovered the allegedly fraudulent purpose. Moreover, the Defendant voluntarily cooperated with the United States Government in the prosecution of Christine Hunsicker, further demonstrating his good faith and lack of knowledge of Hunsicker's fraud.

The Defendant also did not have knowledge of the voidability of any alleged transfer of the Debtor's property at the time of such transfer.

## SEVENTH AFFIRMATIVE DEFENSE
### No Interest

The Plaintiff is not entitled to an award of interest.

## EIGHTH AFFIRMATIVE DEFENSE
### Estoppel

The Plaintiff's claims are barred, in whole or in part, by estoppel.

## NINTH AFFIRMATIVE DEFENSE
### Preservation of Rights

To the extent the Plaintiff recovers from the Defendant, the Defendant reserves his right to assert a claim arising from such recovery under 11 U.S.C. § 502(h).

60027816

24

## TENTH AFFIRMATIVE DEFENSE
### Failure to Mitigate

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff has failed to mitigate, minimize, or avoid damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE
### *In Pari Delicto*/Unclean Hands

The Plaintiff's claims are barred, in whole or in part, by the doctrines of *in pari delicto* and unclean hands because the Debtor's management and insiders were primary wrongdoers whose conduct cannot be imputed to the Defendant for purposes of imposing avoidance and recovery liability.

## TWELFTH AFFIRMATIVE DEFENSE
### Ratification

The Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

## THIRTEENTH AFFIRMATIVE DEFENSE
### Intervening and Superseding Events

The Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, were caused by intervening and/or superseding causes outside of the Defendant's control.

## FOURTEENTH AFFIRMATIVE DEFENSE
### Justification

The Plaintiff's claims are barred, in whole or in part, because the Defendant acted in good faith and with justification.

## FIFTEENTH AFFIRMATIVE DEFENSE
### Entire Fairness

The Plaintiff's claims are barred, in whole or in part, because the challenged transactions are entirely fair.

60027816

25

### SIXTEENTH AFFIRMATIVE DEFENSE
### Setoff or Recoupment

In the event that the Plaintiff prevails, in whole or in part, on his claims against the Defendant, the amounts to be paid by the Defendant must be offset or reduced, by way of setoff or recoupment, to account for, among other things, the amounts due (i) under the Promissory Note (defined herein), (ii) for the uncompensated services provided by the Defendant to the Debtor between September 1, 2011, through December 1, 2017, and (iii) for the director services provided by the Defendant to the Debtor between on or about December 15, 2024, through on or about June 20, 2025.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### Reasonably Equivalent Value

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff cannot prove that the Debtor received less than reasonably equivalent value or fair consideration for the redemption of the Defendant's shares.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### Absence of Actual Intent to Hinder, Delay, or Defraud

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff cannot establish that the redemption of the Defendant's shares was made with the actual intent to hinder, delay, or defraud the Debtor's creditors.

### NINETEENTH AFFIRMATIVE DEFENSE
### Solvency

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff cannot establish that the Debtor was either (i) insolvent at the time of the redemption of the Defendant's shares or (ii) became insolvent as a result of the redemption of the Defendant's shares.

60027816

### TWENTIETH AFFIRMATIVE DEFENSE
### Allocation/Apportionment

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff's claims must be reduced or apportioned to reflect the value provided, consideration paid, and any portion of the transfer that is unavoidable or unrecoverable.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### Contract Defense

The Plaintiff's claims are barred, in whole or in part, by the terms, conditions, releases, representations, covenants, disclaimers, and risk allocations contained in the executed Repurchase Agreement and related documents, including any integration, non-reliance, and waiver provisions included in the same.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### No Fee-Shifting

To the extent the Plaintiff seeks attorneys' fees, the Defendant denies the predicates for fee-shifting and asserts that such fees are unavailable and unwarranted.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### Reservation of Rights Under 11 U.S.C. § 502(d)

Disallowance under 11 U.S.C. § 502(d) is premature and improper absent a final, non-appealable determination of avoidability and liability, and a failure to comply with any resulting turnover obligation.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### Indemnification

The Defendant is entitled to indemnification from the Debtor for all damages and costs arising out of the facts and circumstances of this Adversary Proceeding.

60027816

**RULES 7008 AND 7012(B) STATEMENT**

Pursuant to Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure, with respect to the claims and causes of action in the Complaint and Answer, the Defendant does not consent to the entry of final orders or judgment by the Court if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**RESERVATION OF RIGHTS**

The Defendant expressly reserves the right to assert and/or supplement this Answer and all other pleadings to raise any additional or further defenses, including affirmative defenses as established by the facts of the case that may become available based upon further investigation or discovery.  The Defendant asserts all other defenses that may be revealed during the course of discovery or other investigation.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, the Defendant respectfully requests that the Court (i) deny the specific relief sought in the Complaint, (ii) dismiss the Complaint with prejudice, together with an award of attorneys' fees, expenses, disbursements, and (iii) grant such other relief as the Court deems just and appropriate.

\* \* \*

**VERIFIED COUNTERCLAIM**

Defendant/Counterclaim Plaintiff Jaswinder Pal Singh (hereinafter included within the defined term "Defendant") asserts the following verified Counterclaim against the Plaintiff/Counterclaim Defendant George L. Miller, solely in his capacity as chapter 7 trustee for the bankruptcy estate of CaaStle, Inc. (hereinafter included within the defined term "Plaintiff"). In support thereof, the Defendant, by and through his undersigned counsel, avers as follows:

60027816

28

## NATURE OF THE COUNTERCLAIM

1.      The Defendant brings this Counterclaim for breach of contract and to assert indemnification rights against the Plaintiff in his capacity as the chapter 7 trustee of the Debtor.

2.      These causes of action relate to certain agreements by and between the Defendant and the Debtor, including a promissory note (the "Promissory Note") whereby the Defendant loaned $1,250,000 to the Debtor in two draws between January 2025 and March 2025, just months before the Debtor filed for bankruptcy relief, as well as two letter agreements dated September 1, 2011, and September 14, 2011.

3.      With respect to the Promissory Note in 2025, the Defendant loaned funds to the Debtor that were earmarked for the Debtor's operations, including payroll expenses and professional advisor fees.  The Debtor breached the Promissory Note by failing to make payments of principal and interest when due.

4.      With respect to the two letter agreements in 2011, such agreements provided indemnification rights to the Defendant.  The Defendant invokes the indemnification provisions of the 2011 agreements as it relates to the Defendant's contractual rights to redeem his shares with the Debtor.

## THE PARTIES

5.      The Defendant/Counterclaim Plaintiff is a natural person with an address of 251 W. 19th Street, Apt. 10D, New York, New York.

6.      The Plaintiff/Counterclaim Defendant is the duly appointed chapter 7 trustee for the Debtor's estate.

## JURISDICTION

7. The Court has jurisdiction over the claims raised in this Counterclaim pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference issued by the United States District Court for the District of Delaware on February 29, 2012.

8. This Counterclaim is a core proceeding pursuant to 28 U.S.C. § 157(b).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## FACTUAL BACKGROUND

**I.     The Defendant's Role with the Debtor**

10. The Defendant was a co-founder of the Debtor.

11. The Debtor was formerly known as Gwynnie Bee, LLC, and, upon information and belief, was renamed to CaaStle, Inc. in 2018.

12. Upon information and belief, the Debtor issued and sold 27,121,567 shares of the Debtor's common stock to the Defendant.

13. Pursuant to the letter agreement dated September 1, 2011, by and between the Defendant and Gwynnie Bee, LLC (the "September 1 Agreement"), the Defendant (i) would provide specific services to the Debtor and (ii) agreed to serve on the board of directors of the Debtor.

14. Pursuant to the September 1 Agreement, the Defendant would not receive cash compensation from the Debtor for the first year of service.

15. The September 1 Agreement further provides that if the Defendant agreed to not be compensated in cash for or during another two years beyond the first year of service, and if the Defendant continued to work for and contribute to the Debtor for four years from the date of the September 1 Agreement, the Debtor agreed that in return it would allow the Defendant to sell

60027816

and realize cash liquidity on up to twenty percent (20%) of his shares without further approval by the Debtor or its board of directors.

16.     Pursuant to the supplemental letter agreement dated September 14, 2011, by and between the Defendant and Gwynnie Bee, LLC (the "Supplemental Agreement"), if the Defendant continued to work for the Debtor as of the date that is six years beyond the September 1 Agreement date, the Debtor agreed that in return it would allow the Defendant to sell and realize cash liquidity on his remaining shares without further approval by the Debtor or its board of directors.

17.     The Supplemental Agreement further provides that the Debtor will indemnify, hold harmless, and defend the Defendant and any entities through which the Defendant provides services to the Debtor from and against any damages, claims, suits, liabilities, costs, losses, expenses or obligations of any kind or nature (including without limitation advancing and/or paying when incurred reasonable attorneys' fees and other costs and expenses of litigation) incurred by or imposed upon or against the Defendant by third parties, and against accusations made against the Defendant by third parties, arising from the execution of any of the terms and provisions of the Supplemental Agreement, or from any omission of the Defendant related to such execution, unless finally determined by a court to have been caused by the Defendant's willful and intentional misconduct outside the scope of the execution of terms and provisions of the September 1 Agreement and the Supplemental Agreement.

18.     From on or about September 1, 2011, to on or about September 30, 2016, the Defendant provided services to the Debtor as described in the September 1 Agreement and Supplemental Agreement.  And from on or about September 1, 2011, to on or about September 30, 2016, the Defendant did not receive compensation for the services provided to the Debtor.

60027816

31

19.     From on or about September 1, 2011, through December 1, 2017, the Defendant served on the board of directors of the Debtor.  And from on or about September 1, 2011, through December 1, 2017, the Defendant did not receive compensation for the director services provided to the Debtor.

20.     Accordingly, based on the Defendant's time of service to the Debtor and because the Defendant did not receive compensation for the first three years of service, the Defendant was entitled to redeem all of his shares in the Debtor without further approval by the Debtor or its board of directors pursuant to the Supplemental Agreement.

21.     At the time of the Defendant's resignation, the Defendant and Hunsicker entered into a verbal agreement that the Debtor would redeem the Defendant's shares in the Debtor.

22.     Upon information and belief, Hunsicker desired to redeem the Defendant's shares to dilute the Defendant's ownership percentage as a former co-founder.

23.     On October 11, 2024, the Defendant redeemed 2,790,698 shares in the Debtor.

24.     Upon information and belief, the value of the shares was evaluated and confirmed by an independent third-party firm in a 409A valuation.

25.     The price of the shares the Defendant redeemed was determined using the 409A valuation.

## II.     The Promissory Note

26.     On March 27, 2025, the Defendant and the Debtor executed the Promissory Note whereby the Defendant agreed to provide an unsecured loan to the Debtor in the amount of $1,250,000.

27.     George Goldenberg, the interim CEO of the Debtor, executed the Promissory Note on behalf of the Debtor.

60027816

28.     The Debtor received two cash disbursements under the Promissory Note: (1) $750,000 on January 22, 2025, and (2) $500,000 on March 27, 2025.

29.     The Promissory Note set the interest rate at ten percent (10%).

30.     The Promissory Note provided that interest shall accrue on the outstanding balance from the date the loan was made through the date the loan is paid in full.

31.     The Promissory Note set a default interest rate at an additional two percent (2%), for a total interest rate of twelve percent (12%) after an event of default occurs.

32.     Payment of interest was due on September 30 and March 31 of each calendar year, with the first interest payment date occurring on September 30, 2025.

33.     The Promissory Note's maturity date was March 31, 2026.

34.     The use of the proceeds of the Promissory Note was restricted to fund the Debtor's operations, including payroll expenses and professional advisor fees.

35.     The Promissory Note is governed by the laws of New York.

36.     As of today's date, the Debtor has not made any payments to the Defendant for amounts of principal or interest due and owing under the Promissory Note.

## FIRST CAUSE OF ACTION
### Breach of Contract

37.     The Defendant incorporates by reference and re-alleges the allegations in the preceding paragraphs of the Counterclaim as though fully set forth in this Count.

38.     The Promissory Note constitutes a valid and binding contract between the Defendant and the Debtor.

39.     The Defendant satisfied his obligations under the Promissory Note by extending $1,250,000 to the Debtor.

60027816

40.    The Debtor breached the Promissory Note by failing to make payments of principal and interest when due.

41.    The Debtor further breached the Promissory Note by failing to repay the Promissory Note, including all applicable principal and interest, by the maturity date.

42.    The Debtor's breach of the Promissory Note has caused harm to the Defendant in the amount of $1,250,000, plus interest at the default rate of twelve percent (12%), and fees and costs associated with the loss of the use and/or investment of the funds due and owing under the Promissory Note.

**SECOND CAUSE OF ACTION**
**Breach of Contract**

43.    The Defendant incorporates by reference and re-alleges the allegations in the preceding paragraphs of the Counterclaim as though fully set forth in this Count.

44.    The Defendant served on the board of directors from on or about December 15, 2024, through on or about June 20, 2025.

45.    The Debtor's applicable bylaws and certificates of incorporation (the "Applicable Governance Documents"), as were amended from time to time, are valid and binding contracts by and among the Debtor, its directors, and its shareholders.

46.    Pursuant to the Applicable Governance Documents, compensation for directors was to be fixed or determined by resolution of the Debtor's board of directors.

47.    Pursuant to the Applicable Governance Documents, the Defendant was entitled to compensation for his service as a director.

48.    The Debtor failed to compensate the Defendant pursuant to the Applicable Governance Documents.

60027816

49.     The Defendant satisfied his obligations by serving on the board of directors from on or about December 15, 2024, through on or about June 20, 2025.

50.     The Debtor breached the Applicable Governance Documents by failing to provide compensation for the services provided to the Debtor by the Defendant in his role as director from on or about December 15, 2024, through on or about June 20, 2025.

51.     The Debtor's breach of the Applicable Governance Documents has caused harm to the Defendant in an amount to be determined at trial, including all applicable interest, costs, and attorneys' fees associated therewith.

**THIRD CAUSE OF ACTION**
**Indemnification**

52.     The Defendant incorporates by reference and re-alleges the allegations in the preceding paragraphs of the Counterclaim as though fully set forth in this Count.

53.     The September 1 Agreement and the Supplemental Agreement are valid and binding contracts.

54.     The Debtor is legally obligated to indemnify the Defendant for the legal costs and damages incurred as a result of this Adversary Proceeding as it related to the Defendant's redemption of his shares in the Debtor as provided in the September 1 Agreement and the Supplemental Agreement.

55.     The Defendant has suffered damages as a result of the Debtor's failure to indemnify him as required by the September 1 Agreement and the Supplemental Agreement.

**PRAYER FOR RELIEF**

WHEREFORE, the Defendant respectfully requests that the Court (i) declare that the Debtor breached the Promissory Note, (ii) declare that the Debtors breached the Applicable Governance Documents, (iii) declare that the Defendant is entitled to indemnification from the

60027816

Debtor, (iv) award judgment in the Defendant's favor and against the Debtor for all damages incurred by the Defendant in addition to attorneys' fees, compensatory damages, and pre- and post-judgment interest, and (v) all such other and further relief as the Court deems just and proper.

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Dated: April 27, 2026

*/s/ Christopher M. Lambe*

Robert S. Brady (No. 2847)
Christopher M. Lambe (No. 6846)
Katherine Majewski (No. 7623)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Email: rbrady@ycst.com
        clambe@ycst.com
        kmajewski@ycst.com

*Counsel to Defendant Jaswinder Pal Singh*

60027816

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CaaStle, Inc.<br><br>               Debtor.<br><br>_____<br><br>GEORGE L. MILLER, solely in his capacity as chapter 7 trustee for the bankruptcy estate of CaaStle, Inc.,<br><br>     Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>Jaswinder Pal Singh, individually and in his capacity as Trustee of the Singh Revocable Trust, and John Does 1-10,<br><br>     Defendants/Counterclaim Plaintiff. | Chapter 7<br><br>Case No. 25-11187 (BLS)<br><br><br><br><br>Adv Pro. No. 26-50216 (BLS) |

## <u>VERIFICATION</u>

I, Jaswinder Pal Singh, hereby declare and state under oath, under penalty of perjury under the laws of Delaware that I have read the foregoing Verified Counterclaim and that, to the best of my knowledge, information, and belief, the facts stated therein are true and correct.

Dated: April 27, 2026

_____
Jaswinder Pal Singh

60027816

<u>CERTIFICATE OF SERVICE</u>

I, Christopher M. Lambe, hereby certify that on April 27, 2026, I caused a copy of the foregoing Answer and Affirmative Defenses, and Counterclaim of Defendant Jaswinder Pal Singh, both individually and in his capacity as trustee of the Singh Revocable Trust, to be served upon the below parties in the manner indicated.

**Via CM/ECF Filing, Email, and Hand Delivery**

Peter C. Hughes
DILWORTH PAXSON LLP
800 N. King Street, Suite 202
Wilmington, Delaware 19801
Email: phughes@dilworthlaw.com

*Counsel for George L. Miller as*
*Chapter 7 Trustee of CaaStle, Inc.*

**Via CM/ECF Filing, First Class Mail, and Email**

Peter C. Hughes
Jack Small
DILWORTH PAXSON LLP
One Liberty Place
1650 Market Street, Suite 1200
Philadelphia, PA 19103
Email: phughes@dilworthlaw.com
        jsmall@dilworthlaw.com

*Counsel for George L. Miller as*
*Chapter 7 Trustee of CaaStle, Inc.*

 */s/ Christopher M. Lambe*
Christopher M. Lambe

60027816