**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | x Chapter 7 |
| CaaStle, Inc. | Case No. 25-11187-BLS |
| Debtor. | |
| GEORGE L. MILLER, solely in his capacity as chapter 7 trustee for the bankruptcy estate of CaaStle, Inc., | |
| Plaintiff, | |
| v. | |
| Jaswinder Pal Singh, individually and in his capacity as Trustee of the Singh Revocable Trust, and John Does 1-10, | Adv. Pro. No: 26-50216 (BLS) |
| Defendants | x |

**ANSWER AND AFFIRMATIVE DEFENSES OF PLAINTIFF GEORGE L. MILLER, AS CHAPTER 7 TRUSTEE, TO DEFENDANT'S COUNTERCLAIMS AGAINST TRUSTEE**

Plaintiff George L. Miller (the "Plaintiff", "Plaintiff/Counterclaim Defendant" or the "Trustee"), solely in his capacity as the Chapter 7 Trustee of the bankruptcy estate of CaaStle Inc. ("CaaStle" or the "Debtor"), by and through undersigned counsel, hereby files this Answer to the Counterclaim of Defendant Jaswinder Pal Singh, both in his individual capacity and in his capacity as trustee of the Singh Revocable Trust ("Defendant").

**NATURE OF THE COUNTERCLAIM**

1.      This allegation contains a conclusion of law to which no response is required and, therefore, is denied.

2.      This allegation contains a conclusion of law to which no response is required and, therefore, is denied.  By way of further response, Plaintiff is without sufficient knowledge or information to respond to this allegation and, therefore, it is denied.

3.      This allegation contains a conclusion of law to which no response is required and, therefore, is denied.  By way of further response, Plaintiff is without sufficient knowledge or information to respond to this allegation and, therefore, it is denied.

4.      This allegation contains a conclusion of law to which no response is required and, therefore, is denied.  By way of further response, this allegation refers to a writing which speaks for itself and, therefore, it is denied.

## THE PARTIES

5.      Admitted, on information and belief.

6.      Admitted.

## JURISDICTION

7.      This allegation contains a conclusion of law to which no response is required and, therefore, is denied.

8.      This allegation contains a conclusion of law to which no response is required and, therefore, is denied.

9.      Admitted.

## FACTUAL BACKGROUND

**I.      The Defendant's Role with the Debtor**

10.     Admitted.

11.     Admitted in part and denied in part.  It is admitted that the Debtor was formerly known as "Gwynnie Bee" or some variation thereof.  Plaintiff is without sufficient knowledge or information to respond to the remaining allegations and, therefore, they are denied.

2

12.      Admitted in part and denied in part.  It is admitted that the Debtor issued stock to Defendant.  Plaintiff is without sufficient knowledge or information to respond to the remaining allegations and, therefore, they are denied.

13.      This allegation contains a conclusion of law to which no response is required and, therefore, is denied.  By way of further response, this allegation refers to a writing which speaks for itself and, therefore, it is denied.

14.      This allegation contains a conclusion of law to which no response is required and, therefore, is denied.  By way of further response, this allegation refers to a writing which speaks for itself and, therefore, it is denied.

15.      This allegation contains a conclusion of law to which no response is required and, therefore, is denied.  By way of further response, this allegation refers to a writing which speaks for itself and, therefore, it is denied.

16.      This allegation contains a conclusion of law to which no response is required and, therefore, is denied.  By way of further response, this allegation refers to a writing which speaks for itself and, therefore, it is denied.

17.      This allegation contains a conclusion of law to which no response is required and, therefore, is denied.  By way of further response, this allegation refers to a writing which speaks for itself and, therefore, it is denied.

18.      Plaintiff is without sufficient knowledge or information to respond to the remaining allegations and, therefore, they are denied.

19.      Admitted in part and denied in part.  It is admitted that Defendant served on Debtor's Board of Directors.  Plaintiff is without sufficient knowledge or information to respond to the remaining allegations of paragraph 19 and, therefore, they are denied.

#125612361v7

20.    This allegation contains a conclusion of law to which no response is required and, therefore, is denied.

21.    Plaintiff is without sufficient knowledge or information to respond to the allegations of paragraph 21 and, therefore, they are denied.

22.    Plaintiff is without sufficient knowledge or information to respond to the allegations of paragraph 22 and, therefore, they are denied.

23.    Admitted in part and denied in part.  It is admitted that Defendant redeemed shares in the Debtor on or about October 11, 2024.  Plaintiff is without sufficient knowledge or information to respond to the remaining allegations and, therefore, they are denied.

24.    Plaintiff is without sufficient knowledge or information to respond to the remaining allegations and, therefore, they are denied.

25.    Plaintiff is without sufficient knowledge or information to respond to the remaining allegations and, therefore, they are denied.

**II.    The Promissory Note**

26.    This allegation refers to a writing which speaks for itself and, therefore, it is denied.

27.    This allegation refers to a writing which speaks for itself and, therefore, it is denied.

28.    Admitted in part and denied in part.  Admitted that Defendant transferred $500,000 to the Debtor on or about March 27, 2025.   Denied that Defendant transferred $750,000 to the Debtor on or about January 22, 2025.

29.    This allegation refers to a writing which speaks for itself and, therefore, it is denied.

30.    This allegation refers to a writing which speaks for itself and, therefore, it is denied.

31.    This allegation refers to a writing which speaks for itself and, therefore, it is denied.

32.    This allegation refers to a writing which speaks for itself and, therefore, it is denied.

#125612361v7

33.    This allegation refers to a writing which speaks for itself and, therefore, it is denied.

34.    This allegation refers to a writing which speaks for itself and, therefore, it is denied.

35.    This allegation contains a conclusion of law to which no response is required and, therefore, is denied.

36.    Plaintiff is without sufficient knowledge or information to respond to the allegations of paragraph 36, and, therefore, they are denied.

## FIRST CAUSE OF ACTION
### Breach of Contract

37.    Plaintiff/Counterclaim Defendant incorporates by reference all the responses set forth within the foregoing paragraphs as if fully set forth herein.

38.    This allegation contains a conclusion of law to which no response is required and, therefore, is denied.

39.    This allegation contains a conclusion of law to which no response is required and, therefore, is denied.  By way of further response, Plaintiff denies that Defendant transferred $1,250,000 to the Debtor.

40.    This allegation contains a conclusion of law to which no response is required and, therefore, is denied.

41.    This allegation contains a conclusion of law to which no response is required and, therefore, is denied.

42.    This allegation contains a conclusion of law to which no response is required and, therefore, is denied.

5

## SECOND CAUSE OF ACTION
### Breach of Contract

43.    Plaintiff incorporates by reference all the responses set forth within the foregoing paragraphs as if fully set forth herein.

44.    Admitted in part and denied in part.  It is admitted that Defendant served on Debtor's Board of Directors.  Plaintiff is without sufficient knowledge or information to respond to the remaining allegations and, therefore, they are denied.

45.    This allegation contains a conclusion of law to which no response is required and, therefore, is denied.

46.    This allegation contains a conclusion of law to which no response is required and, therefore, is denied.  By way of further response, this allegation refers to a writing which speaks for itself and, therefore, it is denied.

47.    This allegation contains a conclusion of law to which no response is required and, therefore, is denied.  By way of further response, this allegation refers to a writing which speaks for itself and, therefore, it is denied.

48.    Plaintiff is without sufficient knowledge or information to respond to the allegations of paragraph 48 and, therefore, they are denied.

49.    This allegation contains a conclusion of law to which no response is required and, therefore, is denied.  To the extent this allegation includes factual allegations, Plaintiff is without sufficient knowledge or information to respond to the allegations regarding the exact dates of Defendant's service as a director, and, therefore, they are denied.

50.    This allegation contains a conclusion of law to which no response is required and, therefore, is denied.  To the extent this allegation includes factual allegations, Plaintiff is without

6

sufficient knowledge or information to respond to the allegations regarding the exact dates of Defendant's service as a director, and, therefore, they are denied.

51.     This allegation contains a conclusion of law to which no response is required and, therefore, is denied.

## THIRD CAUSE OF ACTION
### Indemnification

52.     Plaintiff incorporates by reference all the responses set forth within the foregoing paragraphs as if fully set forth herein.

53.     This allegation contains a conclusion of law to which no response is required and, therefore, is denied.

54.     This allegation contains a conclusion of law to which no response is required and, therefore, is denied.

55.     This allegation contains a conclusion of law to which no response is required and, therefore, is denied.

## RESPONSE TO PRAYER FOR RELIEF

The allegations in the Prayer for Relief section of Defendant's Counterclaim are conclusions of law to which no response is required.  To the extent a response is required, Plaintiff denies that Defendant is entitled to any of the relief sought in the Counterclaim's section titled Prayer for Relief.

## AFFIRMATIVE DEFENSES

Plaintiff asserts the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of his investigation or preparation for trial, it becomes appropriate. By designating these matters as "defenses," Plaintiff does not suggest that (i) Defendant does not bear the burden of proof as to such matters, or (ii)

7

#125612361v7

such matters are not elements that Defendant must establish to make out a prima facie case against Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

Defendant's claims fail to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012(b).

### SECOND AFFIRMATIVE DEFENSE
### 11 U.S.C. § 726

All claims asserted by Defendant are pre-petition, non-priority unsecured claims and recovery as to such claims is governed by, and limited by, applicable provisions of the Bankruptcy Code and Rules.  Any claims of Defendant which may ultimately be allowed are entitled, at most (and subject to all other defenses set forth herein) to distribution as a pre-petition, non-priority, unsecured clam and therefore do not serve as an offset to the claims of the Plaintiff set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### Claims Bar Date

All claims asserted by Defendant are pre-petition, non-priority, unsecured claims which are subject to the applicable bar date for claims in this bankruptcy case.  Defendant failed to file a timely Proof of Claim with respect to the claims set forth in Defendant's Second and Third Causes of Action, and those claims are therefore time barred, or are not entitled to payment under 11 U.S.C. § 726 until all timely filed claims are paid in full.

8

**FOURTH AFFIRMATIVE DEFENSE**
**Capacity**

The claims set forth in Plaintiff's Complaint include claims asserted against Defendant individually and in his capacity as Trustee of the Singh Revocable Trust.  The counterclaims asserted by Defendant are held, if at all, only by Defendant in his individual capacity and not in his capacity as Trustee of the Singh Revocable Trust.  Such claims are not validly asserted by Defendant in his capacity as Trustee of the Singh Revocable Trust.

**FIFTH AFFIRMATIVE DEFENSE**
**Subordination**

Defendant's counterclaims are subject to subordination pursuant to 11 U.S.C. § 510(c) on grounds including but not limited to Defendant's knowledge of the illegal scheme perpetrated by Christine Hunsicker and/or other officers and directors of the Debtor.

**SIXTH AFFIRMATIVE DEFENSE**
**11 U.S.C. § 502(d)**

Pursuant to 11 U.S.C. § 502(d), all claims of Defendant are disallowed because Defendant has not paid the amount or turned over the property for which Defendant is liable under 11 U.S.C. § 550.

**SEVENTH AFFIRMATIVE DEFENSE**
**Estoppel**

The claims of the Defendant are barred, in whole or in part, by estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**
**Unclean Hands**

The claims of the Defendant are barred, in whole or in part, by the doctrine of unclean hands.

#125612361v7

## NINTH AFFIRMATIVE DEFENSE

Defendant's Cause of Action for breach of contract relating to a promissory note is premised on a promissory note which states that it was executed on March 27, 2025 and falsely states that Defendant previously lent funds to the Debtor in the principal amount of $750,000 on January 22, 2025.  Defendant did not lend any funds to the Debtor on or about January 22, 2025. Accordingly, there is a failure of consideration by Defendant with respect to the promissory note.

## RESERVATION OF RIGHTS

Plaintiff expressly reserves the right to assert and/or supplement this Answer and all other pleadings to raise any additional or further defenses, including affirmative defenses as established by the facts of the case that may become available based upon further investigation or discovery. Plaintiff asserts all other defenses that may be revealed during the course of discovery or other investigation.

Further, Plaintiff reserves the right to request that the Court consider Defendant's counterclaims, which consist entirely of pre-petition, non-priority, unsecured claims in the normal course of determining unsecured claims and not in this adversary proceeding.   Plaintiff reserves all rights with respect to whether Defendant's assertion of such claims is in violation of the automatic stay of 11 U.S.C. 362.

## RULES 7012(B) AND 7012-1 STATEMENT

Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure and Rule 7012-1 of the United States Bankruptcy Court for the District of Delaware's Local Rules, with respect to the claims and causes of action in Defendant's Counterclaim, Plaintiff consents to the entry of final orders or judgment by the Court if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

10

#125612361v7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff George L. Miller, as Chapter 7 trustee, respectfully requests that the Court (1) dismiss or deny Defendant's counterclaims, (2) award judgment in favor of Plaintiff and against Defendant in accordance with the relief requested in Plaintiff's Complaint, and (3) grant all such other and further relief as the Court deems just and proper.

Dated: May 18, 2026

**DILWORTH PAXSON LLP**

*/s/ Peter C. Hughes*

Peter C. Hughes, Esq. (No. 4180)
800 N. King Street, Suite 202
Wilmington, DE 19801
Telephone:    302-571-9800
Facsimile:    302-571-8875
Email:         phughes@dilworthlaw.com

And

Peter C. Hughes, Esq.
Jack Small, Esq.
One Liberty Place
1650 Market St., Suite 1200
Philadelphia, PA 19103
Telephone:    (215) 575-7000
Facsimile:    (215) 754-4603
Email:         phughes@dilworthlaw.com
Email:         jsmall@dilworthlaw.com

*Attorneys for George L. Miller, Chapter 7 Trustee*

#125612361v7