## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | x | Chapter 7 |
| | : | |
| CaaStle Inc., | : | Case No. 25-11187 (BLS) |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |
| GEORGE L. MILLER, solely in his capacity as chapter 7 trustee for the bankruptcy estate of CaaStle, Inc., | : | |
| Plaintiff/Counterclaim Defendant, | : | |
| v. | : | |
| Jaswinder Pal Singh, individually and in his capacity as Trustee of the Singh Revocable Trust, and John Does 1-10, | : | Adv. Pro. No. 26-50216 (BLS) |
| Defendants/Counterclaim Plaintiff. | : | |

## <u>SCHEDULING ORDER</u>

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule (the "<u>Order</u>") shall apply in the above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>").

1.      The Discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026 shall take place no later than thirty (30) days after the last responsive pleading is filed, or sixty (60) days after the adversary proceeding is commenced, whichever is later.  The parties are not required to file a discovery plan as contemplated by Fed. R. Civ. P. 26(f)(3).

2.      The parties shall exchange proposed forms of a confidentiality and protective order within thirty (30) days after the entry of the Order.

#60215024.2(105125.1001)                              1

3.      The parties shall provide initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than fourteen (14) days after the entry of this Order.  Any extension of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for good cause shown.

4.      All fact discovery shall be completed no later than November 13, 2026.

5.      The Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") shall apply with respect to electronic discovery concerning the Adversary Proceeding unless the parties agree to alternate procedures.

6.      The parties shall provide any affirmative expert reports for issues on which they bear the burden of proof by December 18, 2026.  Parties' expert reports intended to rebut any other affirmative expert report shall be provided by January 15, 2027.  All expert affirmative reports and rebuttal reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, by February 5, 2027.

7.      All dispositive motions shall be filed and served by March 2, 2027, and shall be subject to Local Rule 7007-2.

8.      No later than one hundred eighty (180) days after the last responsive pleading to the complaint is filed, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

9.      Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

2

10.     The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceeding for trial one hundred eighty (180) days after the entry of the Order Assigning the Adversary Proceeding to Mediation, or as soon thereafter as the Court's calendar permits.

11.     The parties shall exchange final witness and exhibit lists no later than thirty (30) days before the scheduled trial date.  In the event a party identifies a trial witness not previously disclosed to another party and the failure to disclose  is not the result of dilatory or bad-faith conduct, the newly-identified witness can be deposed before trial and shall be permitted to testify at trial.  The parties shall file their objections to witness and/or exhibit lists fourteen (14) days before trial.

12.     The parties shall file pre-trial briefs no later than fourteen (14) days before the scheduled trial date and shall be subject to Local Rule 7007-2.

13.     The parties shall file motions *in limine* no later than fourteen (14) days before the scheduled trial date.  Responses to motions *in limine* shall be filed no later than seven (7) days before the scheduled trial date.

14.     The parties shall file, no later than four (4) business days prior to the trial, their Final Pretrial Order approved by all counsel and shall contemporaneously deliver a copy via email to chambers.

15.     A final pre-trial conference in accordance with Local Rule 7016-2(a), which shall include a hearing on the parties' motions *in limine*, if any, shall be scheduled for a date no later than three (3) days before trial.

16.     The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court

3

appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

17.     Discovery deadlines and report deadlines contained in this Scheduling Order may be extended by agreement of the parties. All other deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

**Dated: June 10th, 2026**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

4

#60215024.2(105125.1001)